# Wylie *v.* Flowers.

## *Ejectment.*

(Decided January 21, 1915. 67 South. 980.)

1. *Homestead; Title; Burden of Proof.*—Where plaintiff claimed title through a widow alleged to have acquired title under the homestead laws on the death of her husband, the burden was on plaintiff to prove that the land in controversy was the homestead of the husband at the time of his death, that it did not exceed the sum of $2,000 in value or 160 acres in extent, and that it was all the land the husband owned at the time of his death, or was duly set apart to the widow in lieu of the homestead, if plaintiff would recover in ejectment on such title.

2. *Same.*—Where plaintiff in ejectment claimed title through a widow alleged to have acquired title under the homestead law on the death of the husband, and there was no evidence that the land in controversy was all the land owned by the husband at the time of his death, or that it was duly set apart to the widow in lieu of homestead, a verdict was properly directed for defendant.

3. *Ejectment; Title; Proof.*—Where plaintiff claimed through a widow alleged to have acquired title under the homestead laws on the death of the husband, evidence that the husband bequeathed the land to those under whom the defendant claimed, that the widow never dissented therefrom, or disputed the title of the devisees, but treated them as the owners of the fee under the will, showed title in the defendant.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Ejectment by Lollie Belle Wylie against Mary E. Flowers. Judgment for defendant and plaintiff appeals. Affirmed.

H. H. McCLELLAND, for appellant.

STEVENS, McCORVEY & DEAN, and F. J. INGE, for appellee.

MAYFIELD, J.—Appellant brought ejectment. The trial court directed a verdict for the defendant, which resulted in a judgment accordingly, and from this judgment the appeal is prosecuted.

(1) Appellant's sole claim of title was as heir of Martha Jane Alexander, who was the widow of Francis Alexander, the former undisputed owner. The sole claim that the widow had title was based on the theory that she acquired the absolute fee-simple title under the homestead laws of Alabama on the death of her husband. To show this, it was necessary to prove: (1) That the land sued for was the homestead of the husband at his death; (2) that it did not exceed in area 160 acres; (3) that it did not exceed in value $2,000; and (4) that it was all the land owned by the husband at his death, or that it was set apart to the widow in lieu of homestead, as was authorized by the statutes. The burden of proof as to these facts of course devolved upon plaintiff, and she could not recover without sustaining the burden.

(2) There was no proof whatever of the fourth neces-sary fact, above specified, and without such proof, the plaintiff could not recover. There is no presumption that a man does, or does not, own land at his death; and when he is shown to have owned a homestead at his death, there is no presumption that the homestead was all the land he owned, or that he owned other land, in the absence of any proof by record, deed, parol, or other-wise. The trial court. therefore correctly directed a verdict for the defendant, because of the entire failure of proof as to that material fact.

(3) Moreover, the proof showed that the husband dis-posed óf the land by will, and that the widow never dis-sented therefrom or disputed the title of the devisees, but always treated them as the owners of the fee, in accordance with the provisions of the will. The de-fendant, therefore, did what she need not have done—showed title in herself.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.